OPINION
On June 23, 2000, Appellant Michael Peters was involved in a traffic accident on West National Drive, in the City of Heath. As a result of the accident, appellant was charged with driving under the influence, in addition to other charges. However a complaint was not filed in the Licking County Municipal Court and on December 7, 2000, the Licking County Grand Jury indicted appellant for felony driving under the influence.
Thereafter, appellant appeared for his arraignment on December 11, 2000, and entered a plea of not guilty. The trial court scheduled a trial in this matter on February 27, 2001. Appellant failed to appear for trial. The trial court issued a warrant for appellant's arrest. On June 3, 2001, appellant was taken into custody pursuant to the warrant. The trial court set a trial date for July 17, 2001. On this date, appellant appeared and entered a plea of no contest.
In reciting the facts for the record, the assistant prosecutor erroneously stated that appellant was charged with a fourth degree felony. Defense counsel corrected this statement and indicated that appellant was entering a plea to a third degree felony because he had previously been convicted of a felony charge of driving under the influence. The trial court proceeded to find appellant guilty of one count of felony driving under the influence, a felony of the third degree, and sentenced appellant to two years at the Orient Correctional and Receiving Center, suspended his driving privileges for ten years and imposed a mandatory fine of $800.
On November 2, 2001, appellant filed a pro se notice of appeal seeking to file a delayed appeal. Counsel was appointed to represent appellant in this matter and on December 21, 2001, we granted appellant's request to file a delayed appeal. On March 13, 2002, Attorney Kirk McVay submitted a brief pursuant to Anders v. California (1967), 386 U.S. 738. Attorney McVay also filed a motion requesting to withdraw as counsel. Attorney McVay complied with the requirements of Anders and served appellant with a copy of the merit brief filed on his behalf. Attorney McVay also notified appellant that he had twenty days within which to file a pro se
brief, which appellant did on May 2, 2002.
This court must now determine whether Attorney McVay's request to withdraw should be granted and whether to dismiss the instant appeal as wholly frivolous. In Anders, the United States Supreme Court established five criteria which must be met before a motion to withdraw may be granted:
 (1) A showing appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous.
 (2) A showing a motion to withdraw has been filed by appellant's counsel.
 (3) The existence of a brief filed by appellant's counsel raising any potential assignments of error.
 (4) A showing appellant's counsel provided to the appellant a copy of said brief.
 (5) A showing appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Id. at 744.
Upon a finding these criteria have been met, Anders explains:
 * * * the court-not counsel-proceeds, after full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. Id.
We find the criteria established by the United States Supreme Court, inAnders, have been met. First, Attorney McVay represents to this court, through his "Motion to Withdraw", that he made a thorough review of the case and legal research; therefore, satisfying the first criteria. Next, Attorney McVay filed a "Motion to Withdraw" and "Merit Brief of Appellant, Michael Peters," which satisfies the second and third criteria. Further, a letter mailed to appellant on April 22, 2002, and filed with the court indicates that appellant was served a copy of the motion by certified mail, which satisfies the fourth criteria. Finally, appellant was provided with an opportunity to file a pro se brief; therefore, satisfying the fifth criteria.
After a full examination of all the proceedings, we further find this case is wholly frivolous. The record is devoid of any legal points arguable on the merits. Further, appellant's pro se brief does not raise any meritorious issues for our consideration.
Accordingly, Attorney McVay's "Motion to Withdraw" is granted and the appeal is dismissed.
By: WISE, J. GWIN, P.J., and FARMER, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is dismissed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.